IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ARCOLIA CASTILLO PIERCE, | : | |
| Plaintiff. | : | |
| VS. | : | |
| Sheriff CHRIS PRINE, *et al.*, | : | NO. 7:13-CV-116 (HL) |
| Defendants. | : | |
| | : | **O R D E R** |

Plaintiff **ARCOLIA CASTILLO PIERCE**, who is presently confined at Coastal State Prison ("CSP"), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff was previously ordered to pay an initial partial filing fee of $26.70 (Doc. 11). He now states that he does not "have a dime to [his] name" and that his friend who was sending him money is no longer doing so (Doc. 15).

In light of Plaintiff's difficulties, the Court hereby **WAIVES** the initial partial filing fee. Plaintiff remains obligated, however, to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The account custodian at CSP shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this Order to the business manager at CSP.

1

In compliance with this Court's previous Orders (Docs. 5 & 11), Plaintiff has submitted two supplements to his complaint (Docs. 8 & 12). In screening this lawsuit under 28 U.S.C. § 1915A, the Court has considered Plaintiff's allegations in his supplements, along with those in his original complaint.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be

2

viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. DISCUSSION

Plaintiff's claims arise out of his prior arrest and subsequent confinement at the Lowndes County Jail ("LCJ").

### *A. Arrest*

As to his arrest, Plaintiff sues the following Defendants: the unnamed victim of the crime for which Plaintiff was arrested; the victim's father; Plaintiff's co-defendant; and the unnamed Supervisor of the Valdosta Police Department ("VPD"). The only allegations Plaintiff makes

3

against these Defendants are that: (1) the victim's father slandered Plaintiff by stating that Plaintiff shot the victim; (2) Plaintiff's co-defendant "allow[ed Plaintiff] to be slandered"; and (3) the Supervisor was "over [Plaintiff's] case."

As stated above, to be liable in a section 1983 action, a defendant must act "under color of state law."  *See also Almand v. DeKalb Co., Ga.*, 103 F.3d 1510, 1513 (11th Cir. 1997) ("A successful section 1983 action requires that the plaintiff show [he] was deprived of a federal right by a person acting under color of state law.").  Plaintiff alleges no facts suggesting that the victim, the victim's father, or Plaintiff's co-defendant acted "under color of state law."  Rather, these Defendants appear to be private citizens acting on their accord.

As to the unnamed VPD "Supervisor," Plaintiff's mere allegation that the Supervisor was "over" Plaintiff's criminal case is insufficient to state a claim under section 1983.  As the Court previously advised Plaintiff in connection with his conditions of confinement claim, supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.  *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999).  A supervisor may be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would."  *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).  Plaintiff has not alleged any of the above prerequisites for supervisory liability.  *See Bowens v. Superintendent of Miami South Beach Police Dep't*, __ F. App'x __, 2014 WL 631146 (11th Cir. Feb. 19, 2014) (affirming dismissal of false arrest claim against defendant sued solely by virtue of his supervisory position).

### B. *Conditions of Confinement*

Plaintiff complains about the following conditions of his confinement at the LCJ: (1) rain water enters the cells; (2) the tables from which inmates eat are rusty; (3) paint is "chipping off the walls"; (4) "there are constant spider bites"; and (5) "rats [are] eating [food from the] commissary."

In connection with his conditions of confinement claim, Plaintiff sues Sheriff Chris Prine; Captain Jason Clifton; Chief of Administration Lieutenant Elkins; and Investigator Jamie Smith.[1] As noted above, the Court previously advised Plaintiff that Sheriff Prine cannot be held liable solely by virtue of his supervisory position. The Court therefore directed Plaintiff to state the specific actions or omissions of Prine and any other Defendants responsible for the alleged unconstitutional conditions. Yet, in none of his filings does Plaintiff allege any facts regarding the above Defendants other than their supervisory positions. For example, in summarizing his claim, Plaintiff states, "[The Defendants'] jail isn't being [run] properly, and it's their responsibility to make sure we're safe, to make sure [the] jail is up to par and meet[s] all living-conditions." Plaintiff therefore has not alleged actions or omissions on the part of any of the Defendants sufficient to support a section 1983 claim.

Even if Plaintiff had alleged that the Defendants were personally involved in the conditions of confinement about which he complains, those conditions would not appear to be unconstitutional. Prison officials have a duty to provide humane conditions of confinement and to ensure that prisoners receive adequate food, clothing, shelter, and medical care. ***Hudson v.***

---

1  As the Court previously informed Plaintiff, the LCJ and the VPD are not proper Defendants in this action.

*McMillan*, 503 U.S. 1, 8-9 (1992). The Supreme Court has made it clear, however, that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. ***Rhodes v. Chapman***, 452 U.S. 337, 346 (1981). Instead, a plaintiff "seeking to show unconstitutional conditions must clear a 'high bar' by demonstrating '*extreme* deprivations.'" ***Ellis v. Pierce County, GA***, 415 F. App'x 215 *1 (11th Cir. Feb. 24, 2011) (quoting ***Chandler v. Crosby***, 379 F.3d 1278, 1298 (11th Cir. 2004)).2

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, and the complaint shall be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 14th day of April, 2014.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

2   Although it is unclear whether Plaintiff was a pretrial detainee protected by the Fourteenth Amendment or a convicted prisoner protected by the Eighth, this distinction is irrelevant. The Eleventh Circuit has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." ***Hamm v. DeKalb Co.***, 774 F.2d 1567, 1574 (11th Cir. 1985).